UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **MELISSA GREEN, individually and on behalf of others similarly situated,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**P&C CAPITAL GROUP, LLC,** )<br>)<br>  Serve:  200 North Euclid Street )<br>         Suite #784 )<br>         La Habra, CA 90633 )<br>)<br>**Defendant.** ) | Case No. 3:17-cv-296-TBR<br><br>*Electronically Filed* |

\* \* \* \* \*

**CLASS ACTION COMPLAINT**

Plaintiff Melissa Green, by counsel, for her Complaint against Defendant, P&C Capital Group, states as follows:

**INTRODUCTION**

1. This is an action for actual damages, statutory damages, and injunctive relief brought by Ms. Green against P&C Capital Group, LLC for its engagement in unlawful debt collection practices. P&C alleges that Ms. Green is responsible for a debt arising from a 2007 credit card purchase made at Value City Furniture, a debt barred by the applicable statute of limitations. During its attempts, P&C repeatedly engaged in abusive, deceptive, and unfair practices which are prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

2. For example, P&C unlawfully contacted Ms. Green's employer, made unlawful disclosures to a third party regarding the debt, refused to allow Ms. Green to exercise her

validation rights, failed to provide Ms. Green with written notice of her validation rights under the FDCPA, made false representations regarding the legal status of the debt, and used deceptive means to collect the debt, including, but not limited to, threatening to garnish Ms. Green's wages even though it could not legally do so.

## PARTIES, JURISDICTION AND VENUE

3. Ms. Green is a resident of Louisville, Jefferson County, Kentucky.

4. Defendant P&C Capital Group, LLC, is a California limited liability company that conducts extensive business within this judicial district.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332 as the parties are diverse in citizenship and the amount in controversy is more than $75,000.00.

6. Venue in this District is proper because Ms. Green is a resident of this district, the Defendant transacts business in this District, and the Defendant has caused harm in this district.

## FACTS

7. Plaintiff Melissa Green is a consumer who, according to P&C Capital Group, LLC, is obligated to pay a debt.

8. On January 12, 2017, P&C contacted Ms. Green's place of employment to locate Ms. Green and to collect the debt. Since Ms. Green was unavailable, the P&C representative left a message with a third party stating that Ms. Green owed a debt and that P&C would garnish Ms. Green's wages if the message was not returned.

9. Ms. Green contacted P&C immediately after receiving the message as she was afraid that her wages would be garnished. During this phone call, the P&C representative yelled

at her and engaged in other abusive, intimidating, and harassing behavior such as refusing to validate the debt, threatening to garnish her wages, making false statements regarding the statute of limitations, and threatening to continue to contact her place of employment despite Ms. Green's objections. Ultimately, the P&C representative refused to discuss the matter any further and hung up on Ms. Green.

10. On the same day, Ms. Green contacted P&C again to resolve the matter. The P&C representative agreed to provide her with information related to the source of the debt only if she agreed to settle the debt and make an immediate payment of $100.00.

11. Ms. Green relied on P&C's statements and agreed to make the $100.00 payment.

12. After Ms. Green agreed to make the $100.00 payment, P&C sent a settlement offer letter to Ms. Green via email. On the second page of the letter, dated January 12, 2017, the following language is provided:

> Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tell us to stop the contact of that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again; expect to let you know that there won't be any more contact or that we intend to take a specific action. If you have a complaint about the way we are collecting this debt, please write to us at 200 N Euclid Street #784, La Habra CA 90633, email us at info@pccgroup.biz or call us at 562-383-9597 between 9:00 A.M. to 4:00 P.M. The Federal trade commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov or by phone 877-FTC-HELP, or mail at 600 Pennsylvania Ave., N.W., Washington D.C. 20580.

13. Pursuant to 15 U.S.C. 1692g (a)(3)-(5), a debt collector must provide a debtor with a written communication containing certain statements regarding a consumer's validation rights. The letter Ms. Green received from P&C on January 12, 2017, included the above

language which fails to include statements regarding her validation rights required by the FDCPA.

14. On January 13, 2017, P&C continued its unlawful collection activities. Specifically, P&C again contacted Ms. Green's employer and informed a third party that P&C intended to garnish Ms. Green's wages. P&C's representative also demanded that the third party provide a list of Ms. Green's supervisors so that P&C representatives may contact them about the debt.

15. Further, P&C has continued to contact Ms. Green directly regarding the debt and has left Ms. Green several harassing voicemails.

## COUNT 1:
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692b(2) and (3)

16. Ms. Green incorporates by reference the allegations previously set forth in this Complaint.

17. The actions detailed above constitute multiple violations of 15 U.S.C. § 1692b(2) and (3). Under this subsection (2) of this section, when a debt collector is communicating with a third party regarding the location of a debtor, it is prohibited from to the third party that the consumer owes a debt. Further, subsection (3) of this section prohibits a debt collector from contacting a third party more than once regarding the location of a debtor except for in limited situations.

18. P&C's unlawful actions caused Ms. Green to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling her to relief in the form of actual damages and statutory damages.

19. Ms. Green is also entitled to attorney's fees and costs pursuant to 15 U.S.C. §

1692k (a)(3).

## COUNT 2:
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692c(a)(3) and (b)

20.     Ms. Green incorporates by reference the allegations previously set forth in this Complaint.

21.     The actions detailed above constitute multiple violations of 15 U.S.C. §1692c (a)(3) and (b). Under this subsection (a)(3) of this section, debt collectors are prohibited from contacting a consumer's place of employment if it knows or has reason to know that such communication is prohibited by the consumer's employer. Furthermore, subsection (b) of this section prohibits a debt collector from communicating with a third party in the course of collecting a debt without prior consent from the consumer or express permission from a court.

22.     P&C's unlawful actions caused Ms. Green to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling her to relief in the form of actual damages and statutory damages.

23.     Ms. Green is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k (a)(3).

## COUNT 3:
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692d

24.     Ms. Green incorporates by reference the allegations previously set forth in this Complaint.

25.     The actions detailed above constitute multiple violations of 15 U.S.C. §1692d which prohibits a debt collector from engaging in harassing, oppressive, or abusive behavior in the course of collecting a debt.

26.   P&C's unlawful actions caused Ms. Green to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling her to relief in the form of actual damages and statutory damages.

27.   Ms. Green is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k (a)(3).

## COUNT 4:
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e(2), (5), and (10)

28.   Ms. Green incorporates by reference the allegations previously set forth in this Complaint.

29.   The actions detailed above constitute multiple violations of §1692e (2), (5), and (10). Under these subsections, it is unlawful for a debt collector to engage in activities such as making false or misleading representations regarding the legal status of a debt, making threats to take action that it cannot legally take, and using false statements or deceptive means to collect a debt.

30.   P&C's unlawful actions caused Ms. Green to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling her to relief in the form of actual damages and statutory damages.

31.   Ms. Green is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k (a)(3).

## COUNT 5:
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f(1)

32.   Ms. Green incorporates by reference the allegations previously set forth in this Complaint.

33.    The actions detailed above constitute a violation of §1692f(1) which prohibits a debt collector from using unconscionable means to collect a debt such as collecting any amount that is not either authorized by the agreement creating the debt or by law.

34.    P&C's unlawful actions caused Ms. Green to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling her to relief in the form of actual damages and statutory damages.

35.    Ms. Green is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT 6:
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C.  §1692g(a)(3)-(5)

36.    Ms. Green incorporates by reference the allegations previously set forth in this Complaint.

37.    The actions detailed above constitute a violation of §1692g (a)(3)-(5) which sets forth the required validation rights notices that a debt collector must provide to a consumer in writing.

38.    P&C's unlawful actions caused Ms. Green to sustain actual damages in the form of mental and emotional distress, turmoil, worry, stress, and anxiety, entitling her to relief in the form of actual damages and statutory damages.

39.    Ms. Green is also entitled to attorney's fees and costs pursuant to 15 U.S.C. § 1692k (a)(3).

## CLASS ALLEGATIONS

40.    Plaintiff brings this action on her own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Procedure.

41. Plaintiff proposes that the Court certify a class (the "Class") defined as all persons throughout the United States who received written communication from P&C seeking to collect debt incurred primarily for personal, family or household use, dated within one year of the filing of this Complaint, which includes the validation rights notice set forth above in violation of 15 U.S.C. §1692g(a)(3)-(5), and .

42. The Class is believed to be so numerous that joinder of all members is impractical. The Complaint concerns unlawful collection activities conducted nationwide through the use of mass-produced form collection letters.

43. Whether the Defendant's form letter is unlawful by failing to include the statements required by §1692g(a)(3)-(5) is a question of law or fact common to the Class.

44. Ms. Green's claims are typical of the claims of the Class. All claims arise out of factual and legal theories based on violations of the Fair Debt Collection Practices Act.

45. Ms. Green will fairly and adequately protect the interests of the Class and she does not have any interests that are inapposite to the interests of the Class. Counsel for Ms. Green is competent and experienced in consumer credit issues and will commit the resources necessary to prosecute this action on behalf of Ms. Green and the Class.

46. The questions of law or fact common to the Class predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.  It is believed that members of the Class lack substantial interest in individually controlling the prosecution of separate actions; there is minimal litigation concerning the controversy already begun by or against the Class members; concentration of the litigation in this forum is desirable as P&C is harming consumers throughout the State of Kentucky, and difficulties in managing a class action are insignificant.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Melissa Green prays that this Court certify the Class, and demands relief against Defendant as follows:

a. Entry of judgment to compensate Plaintiff and the Class for damages to which they are entitled, including, but not limited to, actual, compensatory, statutory, and punitive damages;

b. Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c. Trial by jury on all issues so triable;

d. An award of attorney's fees and costs herein incurred; and,

e. Any and all other relief to which Plaintiff and the Class may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig
Whitney L. Railey

  /s/ James Craig
239 S. Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com
wrailey@craighenrylaw.com

*Counsel for Melissa Green*